UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>                   Plaintiff,<br><br>      v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>                   Defendants. | Case No. 14-cv-03491-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are defendants' motions to dismiss. Docket Nos. 24, 27. For the reasons set forth below, the Court GRANTS in part and DENIES in part defendants' motions to dismiss and GRANTS plaintiff leave to amend.

**BACKGROUND**

In his pro se complaint, plaintiff alleges as follows. On February 2, 2014, at or about 6:10 a.m., plaintiff entered the lobby of the 24-hour Contra Costa County Sheriff's Office (CCCSO). Complaint ¶ 12. Plaintiff picked up a white phone at a public service window and told the CCCSO employee who answered the phone that he needed to report some crimes and requested medical attention, asking her to call 911. *Id*. Several minutes later, defendant deputy sheriff Chad MacDonald offered to let plaintiff sit down in a nearby chair, which plaintiff refused. *Id*. ¶ 13. According to plaintiff, MacDonald did not offer him the medical attention he requested nor did he call 911. *Id*. Plaintiff handed MacDonald a 9-page victim/witness report and request regarding alleged crimes committed by Anthony Piscitelli.[1]  *Id*. Defendant Kelly Wayne Challand then

---

[1] Plaintiff describes Piscitelli as an associate of the Contra Costa Superior Court.

1   entered the lobby; according to plaintiff, Challand blocked plaintiff from exiting the chair, threw
2   his report to the ground, and threatened to arrest him for trespass. *Id*. ¶ 14. Plaintiff alleges that
3   Challand refused to call 911 for him and ignored his statements that he was having trouble
4   walking and standing. *Id*.

5   At or about 6:26 a.m., Challand noticed that plaintiff had an audio recorder and was
6   actively recording. *Id*. ¶ 19. Challand seized the recorder, arrested plaintiff, and searched
7   plaintiff's person. *Id*. Plaintiff alleges that Challand, MacDonald, and three other Doe defendants
8   used excessive force upon him, causing him pain, nerve damage, scars, and bruises. *Id*. ¶ 20. At
9   or about 6:28 a.m., Challand stated to another CCCSO employee that plaintiff "is a nut job." *Id*.
10  ¶ 21. Then Challand conducted a search of the recordings contained on the audio recorder
11  previously seized from plaintiff. *Id*. ¶ 22.

12  At or about 6:30 a.m., Challand told defendant Matthew Schuler that dispatch said plaintiff
13  needed a mental health arrest. *Id*. ¶ 23. Plaintiff alleges that Schuler ordered a Doe defendant to
14  run plaintiff's name through ARIES, a database containing information about people with mental
15  disorders. *Id*. ¶ 26. Defendant Jarred Pereira read part of plaintiff's victim/witness report and
16  discussed with others some of the alleged crimes perpetrated by Anthony Piscitelli. During this
17  period, defendants kept plaintiff in a glass-enclosed room; according to plaintiff, Pereria ignored
18  plaintiff's requests for immediate medical attention as well as his complaints that the handcuffs on
19  his wrists were causing pain and numbness in his hands. *Id*. ¶ 37. At 3:15 p.m. defendant Michael
20  Elder conducted a 5150 evaluation of plaintiff. *Id*. ¶ 48. Plaintiff was released at or about 5:45
21  a.m. on February 3, 2014. *Id*. ¶ 53. On August 1, 2014, plaintiff filed the complaint in this case.
22  Docket No. 1.

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

In the Ninth Circuit, courts "construe *pro se* filings liberally when evaluating them under *Iqbal*. While the standard is higher, our 'obligation' remains, 'where the petition is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773, F.2d 1026, 1027 n. 1 (9th Cir. 1985) (*en banc*)). However, a court will not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court must provide the *pro se* plaintiff notice of the deficiencies of his or her complaint prior to dismissal, but a *pro se* plaintiff must still

3

allege facts sufficient to allow the reviewing court to conclude a claim has been stated. *Ferdik v. Bonzelet*, 963 F.3d 1258, 1261 (9th Cir. 1992);  *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.3d 266, 269 (9th Cir. 1982).

## DISCUSSION

### I.  Plaintiff's Claims against Elder

Plaintiff alleges that Elder violated his Fourth, First, Fifth, Eighth, and Fourteenth Amendment rights. Complaint ¶ 76. Defendants argue that plaintiff's claims against Elder should be dismissed. The complaint alleges that at or about 6:30 a.m. on February 2, 2014, Challand stated that dispatch told him plaintiff needed a mental health arrest and that Challand arrested plaintiff. *Id*. ¶¶ 23, 31, 33. Plaintiff further alleges that Elder arrived after plaintiff's arrest and that about eight hours later, Elder and other defendants fabricated a story about plaintiff in order to create a pretext for his detention under § 5150. *Id*. ¶¶ 39, 42. From the face of the complaint, it appears that plaintiff has alleged that he was arrested and detained by Challand prior to his interactions with Elder.

Defendants argue that plaintiff's Fourth Amendment claim against Elder must be dismissed because plaintiff does not allege that Elder had any role in his arrest. Docket No. 27 at 5. Thus, plaintiff has failed to allege facts to support his claim that Elder violated his Fourth Amendment right to freedom from arrest. Complaint ¶ 76. In opposition, plaintiff cites the 5150 evaluation that Elder conducted to argue that Elder violated his Fourth Amendment rights. Docket No. 29 at 5. It is unclear to the Court whether plaintiff's allegations against Elder arise from his arrest by CCCSO officials or the 5150 evaluation that Elder conducted. Defendants' motion to dismiss the Fourth Amendment claim against Elder is GRANTED and plaintiff is GRANTED leave to amend. If plaintiff chooses to amend his complaint, he should clarify the specific action that gives rise to his Fourth Amendment claim.

Similarly, plaintiff claims Elder violated his First Amendment rights by working with other defendants to violate plaintiff's rights to: protection from viewpoint discrimination; petition the government for redress of grievances; and gather and disseminate information about government

4

activities. Docket No. 29 at 6. Yet plaintiff's complaint states that Elder arrived to the CCCSO after plaintiff was detained and arrested. Complaint ¶¶ 23, 31, 33, 39, 42. Again, it is unclear whether plaintiff's claim against Elder stems from his arrest by Officer Challand or from the 5150 evaluation conducted by Elder. Accordingly, defendants' motion to dismiss the First Amendment claim against Elder is GRANTED and plaintiff is GRANTED leave to amend.

As to the Fifth Amendment claims against Elder, plaintiff argues in his opposition that Elder assisted other defendants in detaining plaintiff overnight and aiding and abetting other defendants in the deletion of plaintiff's audio recordings. Docket No. 29 at 6-7. The paragraphs that plaintiff cites in support of his argument reference the 5150 evaluation conducted by Elder as well as his "false arrest." Complaint ¶¶ 49, 42, 44. If plaintiff wishes to challenge the length or probable cause for his 5051 evaluation, he should do so by alleging facts to support this claim as a violation of his Fourth Amendment rights. *See Bias v. Moynihan*, 508 F.3d 1212 (9th Cir. 2007); *Pierce v. Multnomah County*, 76 F.3d 1032 (9th Cir. 1996). As to plaintiff's claim of deprivation of property through the deletion of his audio recordings, the complaint alleges deprivation of property without due process of law. Complaint ¶ 76. If plaintiff intends to assert a procedural due process claim for deprivation of his property he must allege facts that the state has deprived him of a procedure for redress. *See King v. Massareh*, 782 F.2d 825, 826 (9th Cir. 1986); *McRorie v. Shimoda*, 795 F.2d 780, 786 (9th Cir. 1986). Accordingly, defendants' motion is GRANTED as to this claim and plaintiff is GRANTED leave to amend.

In his opposition, plaintiff states that he intends to voluntarily change his Eighth and Fourteenth Amendment claims. Docket No. 29 at 7. Thus, the Court GRANTS the motion as to these claims and GRANTS plaintiff leave to amend.

## II. Plaintiff's Claims Against MacDonald, Schuler, Pereira, and McQuoid

Plaintiff alleges that defendants MacDonald, Schuler, Pereira, and McQuoid violated his Fourth Amendment rights to freedom from arrest, seizure and search without probable cause. Complaint ¶ 76. Defendants argue that plaintiff has failed to allege that Schuler or Pereira had any role in the search of plaintiff or his belongings. In the complaint, plaintiff states that Challand

5

conducted a warrantless search of his possessions. Complaint ¶¶ 22, 25. He does not, however, allege that defendants Schuler or Pereira searched him or his possessions. *Id*. Accordingly, defendants' motions to dismiss the Fourth Amendment claims against Schuler and Pereira are GRANTED and plaintiff is GRANTED leave to amend the complaint.

Defendants contend that plaintiff's Fourth Amendment claim as to McQuoid is conclusory and improperly plead. The complaint alleges that "[o]n information and belief, Defendant MCQUOID and possibly others unlawfully searched or caused to be searched PLAINTIFF's car during his false imprisonment on or about February 2nd and/or 3rd, 2014." Complaint ¶ 51. However, the complaint also states that McQuoid could not find plaintiff's car in the adjacent parking lot. *Id*. ¶ 50. The motion to dismiss this claim against McQuoid is GRANTED and plaintiff is GRANTED leave to amend. If plaintiff chooses to amend his complaint he should allege facts to support his allegation that McQuoid searched his car.

Defendants next argue that plaintiff fails to allege sufficient facts to establish that his arrest violated his First Amendment rights and that the doctrine of qualified immunity protects the defendants from this claim. Docket No. 24 at 6. In his opposition, plaintiff contends that his claim against the individual defendants arises from his retaliatory arrest and the defendants' subsequent actions that violated his rights to protection from viewpoint discrimination, to petition the government for redress of grievances, and to gather and disseminate information about governmental activities. Docket No. 26 at 8. However, it is unclear what specific actions support plaintiff's contentions and the complaint fails to allege facts to support plaintiff's claims. Accordingly, the defendants' motion as to this claim is GRANTED and plaintiff is GRANTED leave to amend.[2]

Defendants also move to dismiss plaintiff's Fifth Amendment claim. In his opposition, plaintiff argues that his Fifth Amendment claim arises from his overnight detainment and the

---

[2] Defendants contend plaintiff's First Amendment claim should be dismissed without leave to amend because the doctrine of qualified immunity protects the officers from plaintiff's claims regarding plaintiff's audio recordings. As it is not yet clear what specific actions plaintiff alleges in support of his First Amendment claims, the Court will not decide yet the issue of qualified immunity.

1  deletion of his audio recordings and is "based on facts stated elsewhere" in the complaint. Docket
2  No. 26 at 8-9. But in his complaint the Fifth Amendment claim states only that defendants
3  violated his right "to freedom from deprivation of liberty and property without due process of
4  law." Complaint ¶ 76. If plaintiff wishes to challenge the length or probable cause for his arrest,
5  he should do so by alleging facts to support this claim as a violation of his Fourth Amendment
6  rights. *See Pierce v. Multnomah County*, 76 F.3d 1032 (9th Cir. 1996). If plaintiff intends to
7  assert a procedural due process claim for deprivation of his property he must allege facts that the
8  state has deprived him of a procedure for redress. *See King v. Massareh*, 782 F.2d 825, 826 (9th
9  Cir. 1986); *McRorie v. Shimoda*, 795 F.2d 780, 786 (9th Cir. 1986). Accordingly, defendants'
10 motion is GRANTED as to this claim and plaintiff is GRANTED leave to amend.

### III.     Plaintiff's Claims Against the County of Contra Costa

Defendants move to dismiss plaintiff's *Monell* claim, arguing plaintiff has presented only conclusory assertions of unspecific policies. Docket No. 24 at 11. Plaintiff does not respond to defendants' argument. The complaint states that Contra Costa has a policy or custom of indifference to misconduct by its law enforcement employees and a policy or custom of tolerating a code of silence between law enforcement officers. Complaint ¶ 63. The complaint further asserts that these policies made law enforcement employees including Challand, MacDonald, and three Does feel free to unconstitutionally arrest people for protected activities. Complaint ¶ 65. "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 624 (9th Cir. 1988) (internal quotation marks omitted). Accordingly, the Court DENIES the motion as to this claim.

### IV.     Additional Federal Claims

Defendants move to dismiss plaintiff's additional federal claims against Elder, MacDonald, Schuler, Pereira, and McQuoid. Docket Nos. 24 at 9, 27 at 7. Plaintiff states in his

1   opposition that 18 U.S.C. §§ 2(a), 1035 and 2236 are inapplicable to his case and will voluntarily
2   remove them.  As to the remaining federal claims, the complaint states only that crimes were
3   perpetrated against plaintiff by defendants.  The Court GRANTS the motion to dismiss these
4   claims and GRANTS plaintiff leave to amend.  If plaintiff chooses to amend these claims, he must
5   allege facts to support his allegations.

## V.     State Law Claims

### A.     Bane Act

Defendants contend plaintiff's Bane Act claim must be dismissed because it fails assert specific actions of the defendants.  Docket No. 24 at 12; Docket No. 27 at 8.  Plaintiff alleges the same facts to support his Bane Act Claim as he does his § 1983 claim.  For the same reasons plaintiff's allegations are insufficient to support his § 1983 claims, they are insufficient to plead his Bane Act Claim.  *See* Cal. Civ. Code § 52.1(a).  Accordingly, the Court GRANTS the motion to dismiss this claim and GRANTS plaintiff leave to amend.  If plaintiff chooses to amend, he must clearly allege facts to support his allegations.

### B.     False Imprisonment

Plaintiff alleges a claim of false imprisonment against all defendants.  Under California law, "[f]alse imprisonment is the unlawful violation of the personal liberty of another." Cal. Penal Code § 236.  To establish a claim for false imprisonment, a plaintiff must show: "1) the nonconsensual, intentional confinement of a person, 2) without lawful privilege, and 3) for an appreciable period of time, however brief."  *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003) (citations omitted).  Again, it is unclear if plaintiff bases this claim upon his arrest or his 5150 evaluation.  On the face of the complaint, plaintiff has failed to state a claim against Elder for false imprisonment and has not alleged facts to support his allegations against the other defendants.  The Court GRANTS the motion as to this claim and GRANTS plaintiff leave to amend.

### C. Defamation

Defendants move to dismiss plaintiff's defamation claim against all defendants. To plead a defamation claim, plaintiff must allege facts showing "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 85 Cal. Rptr. 2d. 397, 402 (Cal. Ct. App. 1999). Plaintiff's complaint contains insufficient facts to plead these requisite elements. The Court therefore GRANTS the motion as to this claim and GRANTS plaintiff leave to amend.

### D. Malicious Prosecution

Plaintiff states in his opposition that he intends to withdraw his malicious prosecution claim. Docket No. 29 at 12. Therefore, the Court GRANTS the motion to dismiss as to this claim.

### CONCLUSION

For the foregoing reasons the Court hereby GRANTS defendants' motion to dismiss plaintiff's Fourth, First, Fifth, Eighth, Fourteenth Amendment, and additional federal claims as well as plaintiff's state law Bane Act, defamation, false imprisonment, and malicious prosecution claims against defendants. Plaintiff is GRANTED leave to amend these claims. The Court DENIES defendants' motion to dismiss plaintiff's *Monell* claim.

If plaintiff wishes to file an amended complaint, the complaint shall allege the basis for the elements of his claims. The amended complaint must allege what each proposed defendant did or failed to do that caused a violation of plaintiff's rights.[3]

Plaintiff must file an amended complaint no later than **February 2, 2015**.

**IT IS SO ORDERED**.

Dated: January 15, 2014

SUSAN ILLSTON
United States District Judge

---

[3] Defendant Elder's motion to remove incorrectly filed document (Dkt. No. 32) is GRANTED. Plaintiff's motions to file a surreply (Dkt. Nos. 42, 47) are DENIED.